IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CALVIN R. SILVA, ) | |
| ) | |
| Petitioner, ) | 4:04cv3292 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| ROBERT HOUSTON[1], ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on filing no. 22, the respondent's Motion for Summary Judgment, and filing no. 29, the petitioner's Motion for Extension of Time to Obtain Affidavits in Response to Motion for Summary Judgment. As a preliminary matter, filing no. 29 is granted, and the petitioner has filed his Affidavit (filing no. 31).

### Jurisdiction

In his Petition for Writ of Habeas Corpus, the petitioner, Calvin R. Silva contends that, under Nebraska law, he should have received 943 days of credit against his prison sentence for time spent in pretrial custody, instead of the 296 days of credit for time served that he did receive. Because the petitioner challenges the execution of his sentence, he bases jurisdiction on 28 U.S.C. § 2241. However, he notes that, in the alternative, 28 U.S.C. § 2254 would provide jurisdiction.

The Eighth Circuit Court of Appeals has ruled that a challenge by a state prisoner to the execution of his sentence must be brought pursuant to 28 U.S.C. § 2254, rather than 28 U.S.C. § 2241. Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003). Thus, this case is properly before the court pursuant to 28 U.S.C. § 2254. See also Crouch v. Norris, 251 F.3d 720, 724 (8th Cir. 2001):

> Not only is § 2254 an appropriate vehicle for Crouch's proposed claims, it is, as a practical matter, the only vehicle. This is because Crouch is a "person in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254, no matter how his pleadings are styled. See Felker v. Turpin, 518 U.S. 651, 662 ... (1996) ("[A]uthority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a

---

[1]The court, sua sponte, substitutes Robert Houston as the plaintiff's custodian. The Clerk of Court shall modify the court's records accordingly.

person in custody pursuant to the judgment of a State court.'")....

## Background

Pretrial

The petitioner's criminal and postconviction proceedings in the state courts have taken a circuitous path. However, at the outset of his state prosecution, the petitioner spent 943 days in the Adams County Jail after his arrest and until the initial imposition of a sentence on state charges. Under Neb. Rev. Stat. § 83-1,106(1), credit for time served "*shall* be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." (Emphasis added.) The petitioner seeks relief in the form of credit for all of the time he spent in the Adams County Jail prior to sentencing on his state convictions.

Adams County District Court - Sentencing

After the petitioner's plea of no contest to charges of attempted second degree murder and use of a firearm in the commission of a felony, the District Court of Adams County sentenced the petitioner on April 21, 1997 to prison terms of 8-15 years and 2-5 years to be served consecutively to each other but concurrently to the petitioner's sentence on federal charges. The state sentence included credit for only 296 days of the 943 days the petitioner had spent in confinement prior to the judgment on the state offenses.[2] Despite the other modifications to his sentence that followed, the petitioner never received any greater credit for time served in pretrial custody. Thus, the petitioner claims a present entitlement to 647 days of credit for pretrial time served, reducing his state term of imprisonment accordingly.

State Appeal to Nebraska Court of Appeals

After the entry of judgment on April 21, 1997[3], the State appealed the petitioner's sentence as excessively lenient. See Neb. Rev. Stat. §§ 29-2320 *et seq.* In State v. Silva, 584 N.W.2d 665 (Neb. App. Aug. 11, 1998), *review overruled* (Mar. 16, 1999), the Nebraska Court of Appeals increased the petitioner's sentence, at the State's request, stating:

[W]e set aside Silva's sentences and modify his sentences as follows: On

---

[2]During approximately eight months of 1995, while the petitioner remained in the Adams County Jail, he was also indicted and convicted on federal charges.

[3]In a Nebraska criminal case, the judgment date is the date on which the defendant is sentenced. State v. Spotted Elk, 420 N.W.2d 707, 711 (Neb. 1988). Accord State v. McCormick, 518 N.W.2d 133, 136 (Neb. 1994).

> count I, the attempted second degree murder conviction, Silva is sentenced to 20 to 40 years' imprisonment. On count II, the use of a firearm in the commission of a felony conviction, Silva is sentenced to 5 to 10 years' imprisonment. These sentences are to run consecutively to each other and to run consecutively to the sentences imposed upon Silva's federal convictions. Finally, Silva shall receive credit on his new sentences for the amount of time served on the sentences appealed from.

Id. at 670.

Before the State filed its Notice of Appeal, the petitioner's trial attorney moved to withdraw. Although he did not receive leave to withdraw, the attorney did not forward any papers to the petitioner or enter an appearance on the petitioner's behalf in the State's appeal. The petitioner, by then in a federal prison, was unaware of the State's appeal until his sister advised him of a newspaper article regarding the decision by the Court of Appeals in the State's favor increasing the petitioner's sentence. The petitioner then filed a Petition for Further Review in the Nebraska Supreme Court which the court overruled on March 16, 1999 as untimely.

Adams County District Court - Postconviction Proceedings

The petitioner filed a postconviction action on September 27, 1999, alleging violation of his plea agreement and denial of counsel in the State's appeal. Judge Terri S. Harder in the postconviction action found that the State had not violated the parties' plea agreement by appealing the petitioner's sentence as excessively lenient. Although agreement on some points had been reached between the petitioner and the State, the parties had never discussed the issue of appeals in connection with the petitioner's pleas. However, the judge did find a violation of the Sixth Amendment to the United States Constitution in that the petitioner had not received the assistance of counsel during the State's direct appeal. Regarding the appropriate remedy, Judge Harder specifically stated in an Order filed on February 5, 2002 (filing no. 21 - 9): "**The State concedes in its brief that the defendant had no counsel on appeal. The State also concedes that the defendant is entitled to a new direct appeal**." (Emphasis added.)

Judge Harder cited State v. McCracken, 615 N.W.2d 882 (Neb. 2000), for the procedure to be followed when the absence of appellate counsel (or the absence of effective appellate counsel) on direct appeal warrants postconviction relief in the form of a new appeal. The Nebraska Supreme Court had explained in McCracken:

> [W]e conclude that a district court should more properly grant a "new direct appeal," rather than reinstate a past one. Thus, a defendant obtaining such relief could then appeal from his or her original conviction and sentence based on the grant of such postconviction relief. The record before this court would then necessarily contain the same record as if the "new direct appeal" were the original direct appeal, in addition to some indication that the

3

> defendant was awarded postconviction relief of a new direct appeal, and the jurisdictional time limits for the "new" appeal would run from the day postconviction relief was granted. Such a procedure would allow this court to properly exercise jurisdiction over the new direct appeal, while still allowing district courts to grant proper relief when the defects in the prior proceedings occurred only at the appellate level.

McCracken, 615 N.W.2d at 882. Therefore, Judge Harder granted the following relief on February 5, 2002 (filing no. 21 - 9): "[T]he defendant is entitled to have a new direct appeal due to the infringement of his Sixth Amendment right to counsel during the first appeal instituted by the State. Accordingly, the decision of the Nebraska Court of Appeals on the initial direct appeal in this matter, filed August 11, 1998, No. 8-97-534 is hereby vacated."

State Ex Parte Petition for Mandamus

In December of 2004, the State brought an original action in the Nebraska Supreme Court seeking a writ of mandamus to require Judge Harder to vacate her Order of February 5, 2002. The State did so notwithstanding that Judge Harder had relied in part on the State's agreement in February 2002 that the defendant was entitled to a new direct appeal. In the papers submitted to the Nebraska Supreme Court, the State cited the doctrine of "law of the case" but apparently failed to point out that the State had taken the opposite position in 2002. At that time, the State had conceded to Judge Harder that a violation of the Sixth Amendment to the United States Constitution had occurred during the State's appeal in the absence of any legal representation of the petitioner. In addition, the State failed to serve on the petitioner a copy of the 2004 mandamus petition against Judge Harder, and the Nebraska Supreme Court denied the petitioner leave to intervene in the mandamus action.

## Motion for Summary Judgment

In filing no. 22, the respondent argues that the petitioner's claim to additional credit against his prison sentence for time spent in pretrial custody is untimely and is procedurally defaulted. In addition, I am concerned whether the § 2254 petition raises a constitutional claim.[4] However, in light of unanswered questions and because I am troubled by the

---

[4] A federal habeas court considers only whether a conviction or sentence violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254; Estelle v. McGuire, 502 U.S. 62, 68 (1991). A state petitioner's right to credit for time served is a question of state law. If the petitioner claims that the Adams County District Court committed errors of state law, I question whether such a claim is cognizable in this federal habeas proceeding. See, e.g., Travis v. Lockhart, 925 F.2d 1095, 1097 (8th Cir. 1991) (the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under federal habeas corpus jurisdiction).

State's conduct in the course of the petitioner's proceedings, I will deny the respondent's motion for summary judgment, and I will require the parties to submit briefs on the merits of the petitioner's claim, on the respondent's affirmative defenses and on the specific issues set forth below.

In addition to any matters the respondent may wish to address, the respondent **shall** explain the following:

1.   Given that the State conceded to Judge Harder both the federal constitutional infirmity of the appellate proceedings leading to the decision in State v. Silva, 584 N.W.2d 665 (Neb. App. 1998), and given the State's express concession to Judge Harder that the petitioner was entitled to a new direct appeal, what was the correct procedure for Judge Harder to employ at that point, if not the McCracken procedure she did employ?

2.   On what theory did the respondent consider the State free from the bar of estoppel when challenging, in the mandamus action, the "new direct appeal" to which the State had previously expressly agreed before Judge Harder?

3.   Should the doctrine of equitable tolling apply to the statute of limitations in this case, and if not, why not?[5]

In addition to any matters the petitioner may wish to address, the petitioner **shall** explain the following:

1.   After Judge Harder, in the postconviction action, granted the petitioner a new direct appeal, why did the petitioner forgo that appeal?

2.   "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred [, i]n such a case there is a procedural default for purposes of federal habeas .... " Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991).  Why is the petitioner's claim to additional credit for presentence incarceration not procedurally defaulted?  If procedurally defaulted, is there a basis to excuse the default?

3.   What is the federal constitutional deprivation inherent in the alleged failure

---

[5]Because the one-year time limit contained in 28 U.S.C. § 2244(d) is a statute of limitations rather than a jurisdictional bar, equitable tolling may apply, if appropriate. Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001).  Equitable tolling is proper when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.  Further, equitable tolling may be appropriate when conduct of the respondent has lulled the plaintiff into inaction.  Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 122 S. Ct. 145 (2001).

5

by the Adams County District Court to comply with state law regarding credit for time served?

THEREFORE, IT IS ORDERED:

1.That filing no. 22, the respondent's Motion for Summary Judgment, is denied;

2.That filing no. 29, the petitioner's Motion for Extension of Time to Obtain Affidavits in Response to Motion for Summary Judgment, is granted, and the petitioner's Affidavit (filing no. 31) is accepted for filing instanter;

3.That by August 25, 2005, each party shall file a brief [6] addressing, in addition to any other matter the party may wish to raise, (a) the merits of the petitioner's § 2254 claim, (b) the respondent's affirmative defenses, and (c) the specific issues assigned to that party[7] in this Memorandum and Order;

4.That by September 20, 2005, each party shall file a brief in response to the other party's brief; and

5.That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the record and the briefs.

DATED this 28th day of July, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

---

[6] No particular format is required, and handwriting is acceptable if legible.

[7] No issue assigned to a party shall be avoided on the theory that another issue is dispositive, or otherwise.