IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CALVIN R. SILVA, | ) | |
| | ) | |
| Petitioner, | ) | 4:04CV3292 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner Calvin R. Silva's pro se letter to the court, construed as a motion for appointment of counsel, Filing No. 45, and on the court's review of additional submissions of the parties pursuant to its earlier order, Filing Nos. 32 & 43. Because Silva's retained counsel has been suspended from the practice of law, the court will grant Silva's motion and will appoint David R. Stickman, Esq., the Federal Public Defender for the District of Nebraska, to represent the petitioner, Calvin R. Silva, from this point forward in this habeas corpus action.

On further review of the documents presented to the court in this case, the court finds as follows. On September 3, 2004, Silva filed this action pro se challenging the calculation of his sentence by the Nebraska Department of Corrections and contending that he should be credited for 943 days for time served on his sentence, instead of the 296 days with which he had been credited by the Department of Corrections. In his petition he alleges that he had received a ten to twenty-year sentence on his state court conviction. He further alleges that the Department of Corrections had calculated his release date to be June 24, 2006. Arguing that he should serve a total of only ten calendar years on his state court sentence under Nebraska good-time statutes, he contends that his "continued confinement past

September 27, 2004 [is] illegal and unlawful . . . " in violation of his constitutional rights to due process of law.  Filing No. 1, Petition at 5.

In response to questions on the form pleading, Silva also states that he had filed an action for post-conviction relief in Adams County District Court raising the issue of "denial of his right to argue against State's Appeal of excessively lenient sentence."  *Id.* at 2.  He further states that the result of that action was "Judgment of Nebraska Court of Appeals Vacated, Right to appeal granted" on February 4, 2002.  *Id.*  Silva further indicated that he had not appealed the order because "[o]riginal sentence reinstated, no standing to appeal as the State was party that appealed original sentence."  *Id.* at 3.

Shortly thereafter, counsel Mary Wickenkamp entered an appearance on petitioner's behalf.[1]  Filing No. 6.  On initial review, the court granted retained counsel leave to file a brief on behalf of petitioner and ordered the petition and brief served on defendant and the Nebraska Attorney General (hereinafter, collectively, "the State").  Filing No. 10.  No amended petition was ever filed.  After several other extensions of time were granted to both parties, the State requested and was granted until February 18, 2005 to answer or otherwise plead.  Filing No. 17.  The basis for the State's request for an extension of time was its anticipated motion for a writ of mandamus in the Nebraska Supreme Court, and the need to await the outcome of that proceeding.  Filing No. 16.  On February 18, 2005, the State filed a motion for summary judgment, contending that Silva's petition was time-barred under the AEDPA and that his claims were procedurally defaulted.  Filing No. 22.

---

[1] Mary Wickenkamp has been suspended from the practice of law for twelve months.  She is therefore disqualified from further representing the petitioner in these proceedings.  Let it suffice to say that her representation of Silva in this action has been less than adequate.

2

In support of the motion, the State submitted certain state court records. Filing No. 21, Designation of State Court Records. Those records show that, pursuant to a plea agreement, Silva was originally sentenced in Adams County District Court to prison terms of eight to fifteen years on a count of attempted second-degree murder and two to five years on a firearm count, to be served consecutively to each other but concurrently to Silva's federal sentence of sixty months on a felon-in-possession charge. The State appealed that sentence as excessively lenient under Neb. Rev. Stat. § 29-2320.[2] The Nebraska Court of Appeals (hereinafter, "Court of Appeals" or "Appeals Court") determined that the sentence was excessively lenient. *State v. Silva*, 584 N.W.2d 665, 670 (Neb. App. 1998). As authorized by Neb. Rev. Stat. § 29-2323(c), the Appeals Court imposed a sentence of twenty to forty years on the attempted second-degree murder count and five to ten years on the firearm count, to be served consecutively to each other and consecutively to the federal sentence.[3] *Id.* at 670. The record shows that Silva made no appearance. The record also shows that Silva later filed motions to vacate the Appeals Court's order with both the

---

[2] That statute provides that a prosecuting attorney may appeal a sentence if the attorney reasonably believes that the sentence is excessively lenient based on the facts and circumstances of the case. *See* Neb. Rev. Stat. § 29-2320.

[3] That statute provides that, on review of the State's appeal for excessive leniency,

[T]he appellate court shall:

    (1) If it determines that the sentence imposed is excessively lenient, set aside the sentence, and:

        (a) Remand the case for imposition of a greater sentence;

        (b) Remand the case for further sentencing proceedings; or

        (c) Impose a greater sentence; or

    (2) If it determines that the sentence imposed is not excessively lenient, affirm the sentence.

3

Nebraska Court of Appeals and the Supreme Court, but those motions were denied as untimely.

The State also submitted records to this court relating to Silva's state court post-conviction action, which challenged the increased sentence on the ground that Silva received neither notice of the State's appeal nor the assistance of counsel to respond to the State's appeal. The post-conviction action ultimately resulted in the Adams County District Court order that is referenced in Silva's pro se habeas corpus petition in this court. Also submitted were certain records that relate to an action for mandamus that Silva filed in Johnson County District Court in 2003.

The record also shows that the State filed a Petition of Alternative Writ of Mandamus ("Mandamus Petition") in the Nebraska Supreme Court on December 20, 2004, asking the Nebraska Supreme Court to vacate the 2002 Adams County District Court order that reinstated Silva's original sentence. In the Mandamus Petition, the State contended that the Adams County District Court order violated principles of the law-of-the-case and stare decisis. No formal notice of the Mandamus Petition was provided to Silva or to his by-then-retained counsel. No appearance by defendant is noted in the Supreme Court record. As discussed further below, the State made several representations to the Nebraska Supreme Court in its Mandamus Petition that it knew or should have known misrepresented the record in this case.

On consideration of the State's ex parte Mandamus Petition, the Nebraska Supreme Court found that the Adams County District Court had exceeded its authority in purporting to vacate an order of a higher court and ordered the Adams County District Court to show cause why its order of February 5, 2002 should not be vacated. On December 30, 2004,

pursuant to mandamus by the Nebraska Supreme Court, the Adams County District Court vacated its earlier order, thereby purportedly reinstating the increased sentence that had been imposed by the Nebraska Court of Appeals. Following the "reinstatement" of the Appeals Court's sentence, the Department of Corrections adjusted Silva's projected release date to June of 2024.

On review of the State's initial submissions, this court denied the State's motion for summary judgment and ordered additional briefing on several specific issues as well as briefing on the merits of the case. See Filing Nos. 32 and 43. In response thereto, the parties submitted additional evidence. See Filing Nos. 41 and 44. The court has now reviewed that evidence and finds that the state misrepresented the record in this case to the Nebraska Supreme Court. The misleading content of the State's 2004 Mandamus Petition creates a manifest injustice which has become fully apparent on the State's respondent's filing of the additional state court records, which would not have been filed absent the court's order of April 28, 2006. [4]

Moreover, in spite of woefully inadequate representation by Silva's counsel thus far in this action, the record shows that Silva's claim, however characterized, does not involve a mere denial of credit for time served, but presents a constitutional challenge to the sentence imposed by the Nebraska Court of Appeals. The credit-for-time-served claim necessarily depends on a determination of whether Silva's original sentence (amounting to

---

[4] If the State's present attorney did not know or comprehend the precise parameters of the argument the State presented to the Adams County District Court in 2002, the record presents enough unanswered questions to compel a responsible attorney to perform due diligence and obtain the additional records before the State sought an Order of Mandamus Petition in 2004. Those same unanswered questions compelled this court to order the State to produce additional records. At least by the time it discovered and produced the State's 2002 brief to this court, the State would have been put on notice that its position in this court was untenable. The State's failure to modify its position in this action accordingly is particularly troubling.

5

roughly ten years) or the sentence imposed on appeal (roughly twenty-five years), later found not to withstand constitutional scrutiny, can be validly imposed on Silva.[5] The original sentence was in force at the time this action was filed. The longer appellate sentence was resurrected and imposed on Silva only after the Nebraska Supreme Court granted mandamus relief to the State, during the pendency of this proceeding. The facts presented in the record are detailed more fully below.

A.Adams County District Court - Sentencing

After the petitioner's plea of no contest to attempted second degree murder and use of a firearm in the commission of a felony, the District Court of Adams County, Nebraska, sentenced the petitioner on April 21, 1997 to prison terms of 8 to 15 years and 2 to 5 years to be served consecutively to each other but concurrently to the petitioner's sentence on a federal conviction.

B.State Appeal of Petitioner's Sentence

After the entry of judgment on April 21, 1997, the State appealed the petitioner's sentence as excessively lenient. See Neb. Rev. Stat. §§ 29-2320 *et seq.* In State v. Silva, 584 N.W.2d 665, 670 (Neb. Ct. App. 1998), the Nebraska Court of Appeals increased the petitioner's sentence, at the State's request, to 20 to 40 years' imprisonment on the attempted second degree murder conviction and 5 to 10 years' imprisonment on the firearm conviction, both to be served consecutively to each other and consecutively to the federal sentence. *Id.* at 670.

---

[5]The record shows that the time (640 days) for which Silva sought credit in his habeas corpus petition was credited to Silva's federal sentence. Under the original sentence, that time would also be credited to Silva's concurrent state sentence. Under the Appeals Court's consecutive sentences, it would not. The central issue before the court is thus the validity of Silva's sentence. It is doubtful that a mere challenge to calculation of time served would present a Constitutional claim.

6

At the time of the state's appeal, Silva was incarcerated on the federal charge. In its brief on appeal, the State alerted the court to the fact that Silva's counsel had previously withdrawn. Despite the State's knowledge of the fact that Silva was effectively unrepresented, the State made no effort to assure that Silva was properly notified of the proceedings. Silva did not appear or respond to the State's appeal. Silva's motions to vacate the Appeals Court's sentence, raising the issues of lack of notice and absence of counsel, were summarily denied as untimely.

C.  Silva's State-Court Post-Conviction Proceeding

The petitioner filed a state post-conviction action on September 27, 1999, alleging that the State's appeal violated the parties' plea agreement and that the denial of his right to counsel in the appeal violated the Constitution. An evidentiary hearing was held on the motion on October 9, 2001. Silva was represented by counsel.

Attorney Robert J. Parker appeared as Special Prosecutor for the State of Nebraska.[6] The transcript of the post-conviction proceeding includes the following statements by Mr. Parker on behalf of the State:

> The problem we've got in my opinion is the appeal . . . the effectiveness of counsel on appeal, we can't bury our heads in the sand here . . . [noting that the petitioner's attorney was] "probably still counsel of record" [for the petitioner during the State's appeal].

Filing No. 21, Transcript of Post-Conviction Hearing ("Post-Conv. Hr'g Tr.") at 72-73.

> I won't deny the fact that he [petitioner's attorney] did absolutely nothing for Mr. Silva on this appeal. And I think there may be some problems with ineffective assistance of counsel on the appeal.
>
> The question I have in my mind and I think the Court may have too is what's the remedy. I guess I'm going to argue and try to make the position for the

---

[6]The County Attorney who had prosecuted the case could not represent the State in the post-conviction action in light of the petitioner's allegations concerning violation of the parties' plea agreement.

7

> state that if the Court finds ineffective assistance of counsel, which he didn't have counsel on appeal, we can't deny that, that maybe the remedy would be in my opinion, I don't know this and I don't have any case law backing up my intuition, I think the effective remedy should be that the appeal is reheard.

*Id.* at 73-74.

> What was appealed is excessive lenient sentence. And so if it was an excessive lenient sentence, that was appealed and he did not have effective assistance of counsel for that appeal, then I think he should have counsel probably for that, the appeal should be reheard by the Court of Appeals.

*Id.* at 74. At that point, the petitioner's counsel referred the court to the decision in *State v. McCracken*, 615 N.W.2d 882 (Neb. 2000), for the procedure to be followed when the absence of appellate counsel (or the absence of effective appellate counsel) on direct appeal warrants post-conviction relief in the form of a new appeal. *Id.* at 74. The Adams County District Court ordered briefing. *Id.* at 75.

In the brief later submitted "by the State of Nebraska," the State, represented by Mr. Parker, explicitly stated: "The State concedes, however, that Silva was denied the assistance of counsel on the State's appeal. Under Nebraska law, **the appropriate remedy to Silva is to require the State to file a new appeal** so that Silva may be represented by counsel. **Because the State concedes that a new appeal must be filed**, Silva's second allegation, that he received no notice of the State's first appeal, is rendered moot and will not be addressed." Filing No. 44, State's Brief at 1-2 (emphasis added). Thus, the State requested and recommended that the Adams County District Court vacate the State's former appeal and grant a new appeal to the State. If the foregoing statements were not clear enough, on page 14 of the State's brief, the following heading reiterates:

> "**The appropriate relief in the instant case is to require a new appeal so that Silva may be represented by counsel.**"

*Id.* at 14 (emphasis in original.)  The State went on to assert that "Silva has presented evidence that he had no representation by counsel on the State's appeal of his sentence, and the State concedes that this is true.  The actual or constructive denial of counsel on appeal is legally presumed to result in prejudice to the defendant . . . ."  *Id.*  Noting that the trial court "has jurisdiction and power, in a post conviction proceeding, to grant a new direct appeal without granting a new trial or setting aside the original conviction or sentence . . . ," the State argued:

> **[T]he proper procedure is for the trial court to grant a new direct appeal.  Although *Trotter* and *McCracken* involved appeals filed by the defendant, the same reasoning should apply in a case in which the defendant was denied counsel in an appeal filed by the State.  A new appeal at which Silva can be represented by counsel is required.**

*Id.* at 15 (citation omitted) (emphasis added).  The State argued that "[b]ecause Silva's plea agreement does not preclude the State from appealing Silva's sentence, Silva is not entitled to reinstatement of [his] original sentence."  *Id.*  Once again, the State reiterated: "**Silva is, however, entitled to an order requiring a new appeal at which he can be represented by counsel, pursuant to the Court's directions in *Trotter* and *McCracken*.**"  *Id.*  The last sentence of the State's brief repeats:  "**The State concedes that Silva was denied counsel on the State's appeal, and a new appeal should be required**."   *Id.* at 16 (emphasis added).

In ruling on the post-conviction action, the Adams County District Court made the factual finding that the State had not violated the plea agreement by appealing the petitioner's sentence as excessively lenient.  Filing No. 21, Adams County District Court Order dated Feb. 4, 2002 ("Post-Conv. Order") at 4.  However, the court found a violation of the Sixth Amendment in that the petitioner had not received the assistance of counsel

9

during the State's direct appeal. *Id.* at 4-5. The court condensed all of the State's arguments quoted above into a few short words in the order: "**The State concedes in its brief that the defendant had no counsel on appeal. The State also concedes that the defendant is entitled to a new direct appeal**." *Id.* at 4 (emphasis added). The Adams County District Court then used some arguably ambiguous language: "[T]he defendant is entitled to have a new direct appeal due to the infringement of his Sixth Amendment right to counsel during the first appeal instituted by the State. Accordingly, the decision of the Nebraska Court of Appeals on the initial direct appeal in this matter, filed August 11, 1998, No. 8-97-534 is hereby vacated."[7] *Id.* at 6.

However inarticulately it may have been phrased, the parties would have understood the order to mean that Silva had prevailed on his post-conviction challenge of the enhanced sentence. After proceedings consistent with Nebraska post-conviction statutes, Neb. Rev. Stat. § 29-2801 *et seq.*, and with the agreement of the State on the issue, the sentence imposed on appeal was found to have violated Silva's constitutional right to effective assistance of counsel on appeal. Silva had been granted the relief he sought. As urged by the State, Silva was given the right to counsel to respond to a "new" appeal granted to the state, in accordance with the remedy expressly authorized in the *McCracken* case. Significantly, Silva could not have been granted a "new" appeal, he had not had any initial appeal. Silva never appealed his original conviction or sentence. That fact would indicate

---

[7]The order could be viewed as ambiguous in that the language could lead an uninformed reader to assume that the petitioner was the party granted a new appeal. The phrasing of the order as "vacating" a decision by a higher court was unfortunate. Instead, the court was vacating **the appeal by the State at the request of the State**, and only incidentally, the consequences of that appeal.

Although the order may not have adequately explained that the court ordered the relief sought by the State, that is, to be placed back in the same position that it was in before it had appealed Silva's sentence, a competent attorney after a reasonable investigation would have understood the meaning and effect of the order.

10

either that he lacked reasonable grounds to appeal or that he was satisfied with the sentence that he received pursuant to a duly negotiated plea agreement.  There was no reason for Silva to appeal the Adams County District Court 2002 order, an order that granted him full sentencing relief.

The State of Nebraska would have known that it had been granted the right to pursue another direct appeal, in opposition to which Silva would be represented by counsel.  For reasons unknown, the State did not avail itself of that remedy, nor did it challenge the order that granted post-conviction relief to Silva.  Accordingly, Silva's original sentence became final after the appeal time ran on the Adams County District Court's post-conviction order.  Thus, it is the Adams County District Court order finding the appellate resentencing unconstitutional and thereby reinstating Silva's original sentence, rather than the appellate sentence, that should be regarded as "law of the case."

D.      Johnson County Action

On April 4, 2000, Silva was released from federal prison after having served five years and two months, which corresponds to 15% off of his sixty-month sentence for good-time.  He was transferred to Tecumseh Correctional Institution to begin serving his state sentence.  As recounted above, the hearing on his Adams County post-conviction action had occurred in October 2001 and the court order granting post-conviction relief was entered in February 2002.  The record shows that on January 29, 2003, Silva filed a pro se petition for entry of an order of mandamus in Johnson County, Nebraska, which is the county in which he was incarcerated.  He sought an order compelling the Department of Corrections to reinstate his original sentence, in compliance with the Adams County District Court's 2002 order.  Filing No. 21, Attachment 6, Petition for Alternative Writ of Mandamus at 8.  On June 6, 2003, the Johnson County District Court made a journal entry indicating that the action was dismissed

11

as moot on the State's motion, without objection from petitioner. Filing No. 21, Attachment 10. Because, at the time of the filing of this action in 2004 and until the entry of the Supreme Court's Mandamus, Silva's release was scheduled to occur in June 2006, instead of June 2024, it would appear that Silva had been afforded the relief he sought by way of mandamus.[8]

E.   State's Ex Parte Petition for Mandamus

After the Adams County District Court entered its order of February 4, 2002, granting the relief requested by the State, the State, then represented by someone else, never filed its new appeal and simply ignored the post-conviction order.  Ultimately, in December of 2004, while this habeas corpus action was pending, the State, at that point represented by the respondent's attorney, brought an original action in the Nebraska Supreme Court seeking an ex parte writ of mandamus to require the Adams County District Judge to vacate its order of February 4, 2002.

In the mandamus action, the State's attorney misrepresented material facts to the Nebraska Supreme Court and mischaracterized the posture of the case and the issues involved in the case.  Further, the attorney did not formally serve the petitioner or the petitioner's then-retained attorney with the petition, notwithstanding that the petitioner's retained attorney had already entered an appearance in this case.  Moreover, it was clear on the face of Silva's pro se petition that the Adams County 2002 decision was an integral component of this case.  Whether or not the State's attorney was legally required to serve the petitioner or his counsel, the failure to do so contributed to the disregard for the facts

---

[8] The Court's dismissal of the action as moot on the State's motion would seem to indicate that the State had acceded to the correctness of the original sentence, although the record is not clear on this point.

which characterizes the "Verified Petition for Peremptory or Alternative Writ of Mandamus" ("Mandamus Petition") filed by the State on December 20, 2004. Filing No. 21, Attachment 14, Mandamus Petition. For example, without explanation or background, the Mandamus Petition quotes the ambiguous language on page 6 of the Adams County District Court's order: "[T]he defendant is entitled to have a new direct appeal due to the infringement of his Sixth Amendment right to counsel during the first appeal instituted by the State. *Accordingly, the decision of the Nebraska Court of Appeals on the initial direct appeal in this matter, filed August 11, 1998, No. 8-97-534 is hereby vacated*." *Id*. at 3 (emphasis in original). The Mandamus Petition then states: "The special prosecutor did not appeal from this order." *Id*. The Mandamus Petition fails to explain that, of course, the special prosecutor did not appeal that order, because that order embodied precisely the relief the special prosecutor, i.e., the State, had requested. By omitting the necessary context, the Mandamus Petition distorted the record and misinformed the Nebraska Supreme Court by suggesting that the State had somehow been wronged, instead of benefitted, by the Adams County District Court's order.

The State's reliance on the argument that the Adams County District Court's order was entered outside its authority has no basis in law or fact. The court had jurisdiction to rule on Silva's post-conviction relief petition under Neb. Rev. Stat. § 29-2801. Although Nebraska statutes may allow the Appeals Court, on a proper showing, to impose a different sentence on a defendant under Neb. Rev. Stat. §§ 29-2321 & 29-2322, that does not mean the sentence is outside the purview of post-conviction review. Notwithstanding the fact that, as authorized under Nebraska law, Silva's sentence had been imposed by an appellate court, the proper forum in which to present a post-conviction challenge to the constitutionality of a sentence is the district court. If that were not the case, there would be no vehicle for

post-conviction review of a sentence entered by the Court of Appeals. Accordingly the State's contentions in both the Nebraska Supreme Court and in this court are untenable. The court considers the State's conduct to be drastic overreaching. The Mandamus Petition also represents that "[t]he State is time-barred from seeking relief through the ordinary remedy of direct appeal, and [the State] believes that a writ of mandamus is the appropriate remedy to prevent the miscarriage of justice which would result from the premature parole eligibility or discharge of Silva from the custody of the Nebraska Department of Corrections." Filing No. 21, Mandamus Pet. at 4. The State's concomitant argument to this court that Silva's present habeas corpus petition is either time-barred or procedurally defaulted by reason of Silva's failure to pursue an appeal is specious. Silva did not appeal his conviction. He was not granted any "new" appeal. It is the State's failure to pursue its remedies that has resulted in the present situation. The State's representation to the Supreme Court that a serious miscarriage of justice has been wrought upon it as a result of its own failure to appeal is similarly baseless. Its further contention that the remedy for its own malfeasance is an effective doubling of Silva's sentence, via an ex parte motion and order, again without representation by counsel, defies credulity. The State's conduct is especially troubling in light of its professed acknowledgment in 2002 that Silva's Sixth Amendment rights were violated.

F.   Remaining Considerations

This court questions whether the Nebraska Supreme Court would have ordered mandamus had it been advised of the facts shown in the record submitted to this court. In any event, numerous issues need to be addressed by the parties. In view of the confused procedural posture of the case, the court finds that the parties should be allowed to file amended pleadings. Accordingly, in view of the appointment of new counsel, the court will

hold a status conference with counsel on **March 2, 2007 at 10:00 a.m.**  Questions relating to the recourse presently available to Silva, as well as the further progression of this case, will be addressed at that time.

THEREFORE IT IS ORDERED THAT:

1. The petitioner's Motion for Appointment of Counsel (Filing No. 45) is granted.

2. David R. Stickman, Esq., the Federal Public Defender for the District of Nebraska, is appointed to represent the petitioner in this matter.  Mr. Stickman shall both enter an appearance and confer with the petitioner by mail or telephone within fifteen (15) days of the date of this order.

3. Petitioner's previous attorney has been suspended from the practice of law and is disqualified from representing the petitioner in further proceedings in this court.  The Clerk of Court shall send both attorneys a copy of this order and then shall remove the previous attorney from the mailing list for this case.

4. A status conference with counsel is scheduled for the **2nd day of March, 2007, at 10:00 a.m.,** in the chambers of the undersigned judge, Suite 3259, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska.  The petitioner will not be present at the conference.

5. The Clerk of Court is directed to send a copy of this Memorandum and Order to the Chief Justice of the Nebraska Supreme Court.

DATED this 7th day of February, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief Judge