IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CALVIN R. SILVA, | ) | |
| | ) | 4:04CV3292 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's (hereinafter, "the State's") motion, Filing No. 70, for a stay of this court's order of January 24, 2007, granting Silva's habeas corpus petition and ordering the State to release him. The State contends that it intends to appeal the court's order and asserts that the release of the petitioner in the interim will pose an unreasonable risk to public safety and to the prospect of petitioner's availability to complete his sentence should the State prevail on appeal.

Under the Federal Rules, "[w]hile a decision ordering the release of a prisoner is under review, the prisoner must–-unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise–-be released on personal recognizance, with or without surety." Fed. R. App. P. 23(c). Rule 23(c) creates a presumption of release from custody in such cases but the presumption may be overcome if the judge rendering the decision, or an appellate court or judge, "otherwise orders." *Hilton v. Braunskill,* 481 U.S. 770, 774 (1987). A court has broad discretion in making this determination. *Id.* The general standards for staying a civil judgment are applied. *Id.* at 775; see Fed. R. Civ. P. 62(c); Fed. R. App. P. 8(a).

Pursuant to those standards, the court considers the following factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2)

whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *Id.* at 776.  If the State establishes that there is a risk that the prisoner will pose a danger to the public if released, the court may take that factor into consideration.  *Id.*  Further, "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served."  *Id.* at 777.  Moreover, balance between the substantial interest of a habeas petitioner in release pending appeal and the State's interest in protection of public safety and continuing custody "may depend to a large extent upon determination of the State's prospects of success in its appeal."  *Id.*  at 778 (noting that continued custody is permissible if the State establishes a "strong likelihood of success on appeal," or "demonstrate[s] a substantial case on the merits," and the factors of irreparable harm to the petitioner and the public interest both militate against release).  Where the State's showing on the merits falls below this level, the preference for release should control.  *Id.*

The court finds, in applying those factors, that the State has not made a showing to overcome the presumption favoring release.  First, the court notes that the State has not established a strong likelihood of success on appeal.  Moreover, the court finds that there is great potential for irreparable harm to the petitioner, who has already been incarcerated beyond his legitimate sentence.  The State's interest in Silva's continued incarceration for the length of his remaining term can be afforded little weight in this analysis—-the length of Silva's legitimate sentence is the ultimate issue on the merits and the state has not demonstrated a substantial case on the issue.  The State has submitted no evidence in

support of its contention that Silva is violent and dangerous at the present time. Silva has been incarcerated since 1994. In light of the State's willingness to downwardly adjust the petitioner's sentence in 2003 (the Johnson County action), its observations as to his dangerous or violent propensities prior to his lengthy term of imprisonment are insufficient to overcome the presumption of release.

Also, the petitioner is subject to a three-year term of supervised release under his federal sentence. He has been ordered to report to this court's supervision unit upon his release. The conditions of supervision are adequate to protect the public interest. On any violation of the terms of supervised release, the petitioner can be arrested, charged, and sentenced to federal custody. Supervision of the petitioner by the United States Probation Office can adequately protect the public and will ensure his availability to serve the remainder of his sentence if the State is successful on appeal. Accordingly,

IT IS ORDERED:

1. The State's motion for a stay (Filing No. 70) is denied.

2. The defendant shall report to the Supervision Unit of the United States Probation Office for the District of Nebraska, 111 South 18th Plaza, Suite C79, Omaha, Nebraska, (402) 661-7555, between the hours of 8:00 a.m. and 4:30 p.m., within seventy-two (72) hours of release from state confinement, and, thereafter, as directed by the probation officer.

DATED this 5th day of February, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge